IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE L. PHELPS & DAVID PHELPS,<br><br>Plaintiffs,<br><br>vs.<br><br>ROBERT L. RIDLER and MID-STATES UTILITY TRAILER SALES INC.,<br><br>Defendants. | **COMPLAINT**<br><br>JURY TRIAL DEMANDED |

Plaintiffs Katie L. Phelps and David Phelps, for their causes of action against the Defendants, state:

## JURISDICTION

1. Plaintiff Katie L. Phelps ("Mrs. Phelps") is a citizen and resident of the State of Nebraska, Douglas County, and is married to Plaintiff David Phelps.

2. Plaintiff David Phelps ("Mr. Phelps") is a citizen and resident of the State of Nebraska, Douglas County and is married to Plaintiff Katie L. Phelps.

3. Defendant Robert L. Ridler ("Ridler") is a citizen and resident of the State of Nebraska, Cass County.

4. Defendant Mid-States Utility Trailer Sales Inc. ("Mid-States") is an active interstate trucking carrier operating under USDOT Number 971177, with its principal place of business in the State of Iowa, Woodbury County. At all times relevant to this action, Ridler acted in his capacity as an employee or agent of Mid-States.

5. The various negligent acts set forth in this Complaint occurred in the State of Nebraska.

6. The amount in controversy exceeds, exclusive of interest and costs, $75,000.00.

7. Jurisdiction exists pursuant to 28 U.S.C. §1331.

## COUNT I (Negligence)

8. At all times material to this action, Mid-States was a "for-hire motor carrier" pursuant to 49 C.F.R. § 390.5 and subject to the Federal Motor Carrier Safety Administration safety regulations as promulgated and confined within 49 C.F.R. § 283 et eq.

9. At all times material to this action, Mid-States owned and operated a tractor-trailer which was a "commercial motor vehicle" pursuant to 49 C.F.R. §390.5.

10. On December 20, 2017, Ms. Phelps was driving her vehicle westbound on Interstate 80 near mile marker 437 in Sarpy County, Nebraska. Ms. Phelps was driving in the "inside" or #1 travel lane. At the same time and place, Ridler was driving a Freightliner tractor and semi-trailer owned by Mid-States and was driving in the middle or #2 travel lane next to Ms. Phelps' vehicle. At the same time and place, contact occurred between the Mid-States tractor/trailer and a third vehicle, which was in the "outer" or #3 travel lane. The contact between the Mid-States tractor/trailer and the third vehicle caused the third vehicle to propel sideways into Ms. Phelps' lane of travel and crash into Ms. Phelps' vehicle.

11. Ms. Phelps' vehicle was propelled into the Interstate median, overturned, and came to rest in the median.

12. Robert L. Rider was negligent in the operation of the Mid-States tractor/trailer in the following particulars:

      a. In failing to keep and maintain his tractor-trailer under control;

      b. In failing to reduce the speed of his tractor-trailer when approaching an intersection of public highways, in violation of Iowa Code §321.288;

      c. In attempting to make an improper lane change;

      d. In failing to maintain a proper lookout.

13. Robert L. Ridler was negligent per se in violating 49 C.F.R. §392.3, which were enacted for the benefit of Katie L. Phelps and provides in relevant part that "every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated."

14. Ridler's negligence caused the following physical and mental injuries and damages to Plaintiff Katie L. Phelps, some of which are permanent in nature:

      a. Right hand, wrist, and thumb injury;

      b. Post-traumatic Stress Disorder;

      c. Neck Injury;

      d. Anxiety;

      e. Back injury;

      f. Right knee abrasions;

      g. Right hip injury; and

      h. Right shoulder injury.

15. As a direct and proximate result of Robert Ridler's negligence, Katie L. Phelps has incurred the following damages:

      a. Permanent physical injuries;

b. Past medical expenses in an amount to be determined at trial, but not less than $43,397.49 as of the filing of this Complaint;

c. Future Medical expenses in the amount of $1,833,650 for physician and hospital expenses and $535,392.00 for prescription expense during Ms. Phelps' life expectancy;

d. Past and future physical pain and mental suffering; and

e. Past and future inconvenience.

### **COUNT II (Loss of Consortium)**

16. Plaintiffs assert the allegations of Paragraphs 1-15 as if set forth here.

17. Katie L. Phelps and David Phelps are husband and wife and have been married for 10 years.

18. As a direct and proximate result of Ridler's negligence, Plaintiff David Phelps has sustained past and future loss of his wife's consortium, affection, aid, society, companionship, and support.

WHEREFORE, Plaintiffs Katie L. Phelps and David Phelps pray for judgment against Defendants as follows:

a) For judgment against the Defendants on their causes of action, for general damages, special damages, interest and costs of this action as allowed by law; and

b) Judgment against the Defendants for such other, further, and different relief as is just and equitable.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request a trial by jury of any and all causes of action alleged in the Complaint.

                              KATIE L. PHELPS & DAVID PHELPS,
                              Plaintiffs

By:   s/Michelle D. Epstein
        Michelle D. Epstein, AT0010838
        AUSMAN LAW FIRM PC LLO
        9850 Nicholas St., Ste. 305
        Omaha, NE 68114
        Telephone 402- 933-8140
        Facsimile 402-913-3471
        michelle@ausmanlawfirm.com