IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE L. PHELPS & DAVID PHELPS,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>MID-STATES UTILITY TRAILER SALES INC.,<br><br>　　　　　Defendant and<br>　　　　　Third-Party Plaintiff,<br><br>　vs.<br><br>AROLODO PEREZ GOMEZ<br><br>　　　　　Third-Party Defendant | 8:20-cv-00538<br><br>**RULE 26(F) REPORT** |

The following attorneys conferred to prepare the Report of Parties' Planning Conference for the above-captioned case:

MICHELLE D. EPSTEIN FOR THE PLAINTIFFS

STEPHEN L. AHL, FOR THE DEFENDANT AND THIRD-PARTY PLAINTIFF MID-STATES UTILITY TRAILER SALES, INC.

JOEL E. FEISTNER FOR THE THIRD-PARTY DEFENDANT AROLODO PEREZ GOMEZ

The parties discussed the case and jointly make the following report:[1]

**I.　　INITIAL MATTERS:**

　　A.　Jurisdiction and Venue: As to the defendant(s) (mark all boxes that may apply).

　　　　☐　Jurisdiction is contested because _____.

☐ Venue is contested because _____.

☒ Neither jurisdiction nor venue are contested.

B. <u>Immunity</u>: As to the defendant(s) (mark all boxes that may apply).

☐ An immunity defense has been raised by a defendant.

☐ An immunity defense will be raised, such defense to be raised on or before **Click here to enter a date.**.

☒ No immunity defense has or will be raised in this case.

C. Either jurisdiction or venue is being challenged, or a defense of immunity has or will be raised, and:

☒ Not applicable.

☐ The parties agree that discovery and case progression can begin before the jurisdiction, venue, and/or immunity issues are decided.

☐ Any or all parties believe that case progression and discovery should be stayed pending a ruling on those issues, and

☐ before any motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed, initial discovery limited to those issues will be necessary, and such discovery can be completed by: **Click here to enter a date.**.
Explain: _____.

☐ a dispute exists as to whether and to what extent discovery is needed to resolve jurisdiction, venue, and/or immunity issues. A conference with the court is requested.

☐ motion(s) to resolve jurisdiction, venue, and/or immunity issues can be filed on or before **Click here to enter a date.**.

## II. CLAIMS AND DEFENSES:

A. <u>Claims</u>:[2] Provide a brief statement of the alleged facts and a succinct summary of the alleged federal or state theories of recovery, citing any

---

.

relevant statutes which provide the basis for any statutory claims. You do not need to list the elements of each claim.

1) Claim One: Plaintiffs claim the Defendant's employed driver, Robert L. Ridler, was negligent in the operation of a tractor-trailer and Plaintiffs sustained damages as a result.

2) Claim Two: Plaintiffs claim the Defendant is vicariously liable for the negligent acts of its agents, employees, and officers, including Robert L. Ridler.

3) Claim Three: Plaintiff David Phelps claims a derivative loss of consortium relative to Katie L. Phelps' injuries.

B. <u>Defenses</u>:[3] List each alleged affirmative defense to the claims, and for any defenses based on a statute, cite the relevant statute.

1) Defense One: Defendant Mid-States Utility Trailer Sales, Inc. claims that the proximate cause of the collision and any resulting injuries and/or damages sustained by the Plaintiffs was caused by the negligence of a third-party, Arolodo Perez Gomez.

2) Defense Two: Third-Party Defendant Arolodo Perez Gomez claims that the sole and proximate cause of the collision and any resulting injuries and/or damages sustained by the Plaintiffs was caused by the negligence of Robert L. Ridler, while acting within the scope and course of his employment with Mid-States.

**III. METHOD OF RESOLUTION**: Please indicate below how the parties anticipate that this case will be resolved.

☐ <u>Administrative record</u> review:

☐ A party will request discovery.

☐ A party will not request discovery.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

---

[3] The category "Defenses" includes any defenses raised in any pleading filed in response to the operative complaint, any crossclaims, counterclaims, or third-party claims.

3

☐ Instead, contact the assigned magistrate judge to schedule a conference for entering an administrative review scheduling order.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☐ Cross-motions for summary judgment and/or resolution on stipulated facts:

☐ A party will request discovery.

☐ A party will not request discovery. The parties' cross-motions for summary judgment will be filed on or before **Click here to enter a date.**.
**Note:** If no party is requesting discovery, the parties need not complete the **Section VI: Case Progression** portion of this report.

☐ A dispute exists as to whether and to what extent discovery is needed. The parties need not complete the **Section VI: Case Progression** portion of this report at this time. Instead, contact the assigned magistrate judge to set a case progression conference.

☒ Trial**:**

☐ No party has timely demanded a jury trial.

☒ A party has timely demanded a jury trial and does not anticipate waiving that demand, and the parties agree that all or part of the claims in this case must be tried to a jury.

☐ A party has demanded a jury trial, and the parties disagree on whether trial by jury is available for all or part of this case.
A motion to strike the jury demand will be filed no later than: **Click here to enter a date.**.

☐ The party who previously demanded a jury trial now wishes to waive that right. Any other party who will now demand a jury trial will file that demand within 14 days of the filing of this report, in the absence of which jury trial will be deemed to have been waived.

## IV. SETTLEMENT:

Counsel state (mark all boxes that may apply):

4

☐     To date, there have been no efforts taken to resolve this dispute.

☒     Efforts have been taken to resolve this dispute

       ☒     prior to filing this lawsuit. Explain: Settlement negotiations have taken place, but the parties were not able to reach an agreement.

       ☐     after filing this lawsuit, but before the filing of this report. Explain: _____.

☒     Counsel have discussed the court's Mediation Plan and its possible application in this case with their clients and opposing counsel, and:

       ☒     It is agreed:

             ☐     Mediation is appropriate at this time, and pending the outcome of those efforts,

                   ☐     case progression should be stayed.

                   ☐     case progression should not be stayed.

             ☒     Mediation may be appropriate in the future. Please explain when you believe mediation may be useful: After initial disclosures and discovery are complete.

             ☐     Mediation will not be appropriate. Explain: _____.

             ☐     Counsel believe that with further efforts in the future, the case can be settled, and they will be prepared to discuss settlement, or again discuss settlement, by **Click here to enter a date.**.

       ☐     At least one party is not interested in exploring options for settling this case.

## V.    CONSENT TO FINAL RESOLUTION BY A MAGISTRATE JUDGE:

As explained more fully in the Civil Case Management Practices, in accordance with the provisions of 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, the parties in this case may voluntarily consent to have a United States Magistrate Judge conduct all further proceedings in the case, including the trial, and order the entry of final judgment. The consent must be unanimous, and any appeal must be taken to the United States Court of Appeals. If the parties do not presently consent, they may do so later. Absent consent, the case will remain with the assigned United States

District Judge or, if not previously assigned to a District Judge, it will be randomly assigned to a District Judge.

☐ All parties hereby voluntarily consent to have the United States Magistrate Judge conduct all further proceedings in this case including the trial and entry of final judgment.

☒ At least one party does not currently consent.

**VI. CASE PROGRESSION:**

A. Initial mandatory disclosures required by Rule 26(a)(1).

☐ Have been completed.

☒ Will be completed by October 25, 2021.

B. Motions to amend the pleadings or to add parties.

☒ A plaintiff does anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Plaintiff(s) on or before **October 11, 2021**.

☒ A defendant does not anticipate a need to amend pleadings or add parties. Motions to amend pleadings or add parties will be filed by Defendant (s) on or before **Click here to enter a date.**.

If more than 90 days are needed, explain why: _____.

C. Discovery.

1) As to written discovery under Rules 33, 34, 36, and 45:

a. The parties have discussed currently anticipated number of interrogatories, document production requests, and requests for admissions. Based on those discussions:

☒ The parties do not anticipate any disputes over the number of discovery requests served.

☐ The parties believe a dispute may arise over the number of (mark all boxes that may apply):

☐ Interrogatories.
☐ Requests for Production.

6

  ☐  Requests for Admission.

  If the parties anticipate a possible dispute over the number of written discovery requests, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

 b. Written discovery will be completed[4] by January 21, 2022.

2) As to expert disclosures as required under Rule 26(a)(2):

 ☐ The parties do not anticipate calling experts to testify at trial.

 ☒ The parties anticipate calling experts to testify at trial, and

  a. Counsel agree to at least **identify** such experts, by name, address, and profession (i.e., without the full reports required by Rule 26(a)(2)), by February 22, 2022 for the Plaintiffs and by March 22, 2022 for the Defendants. Rebuttal experts will be identified by April 6, 2022.

  b. Expert **reports** shall be served by March 23, 2022 for the Plaintiffs and by May 7, 2022 for the Defendants. Rebuttal reports will be due on May 21, 2022.

  c. Motions to exclude expert testimony on *Daubert* and related grounds will be filed by July 5, 2022.

3) As to deposition testimony under Rules 30 and 45:

 a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is ten (10).

 b. All depositions

  ☒ will be limited by Rule 30(d)(1).

  ☐ will be limited by Rule 30(d)(1), except as follows: _____.

---

[4] "Completed" means the discovery answers or responses to written discovery have been served. As such, written discovery must be served sufficiently in advance of the discovery completion deadline to afford the responding party the time permitted under the discovery rules to answer or respond.

7

  c. All depositions, regardless of whether they are intended to be used at trial, will be completed by June 6, 2022.

4) Protective Order:

 ☐ All parties anticipate that a protective order will be needed to complete the exchange of discovery, and

  ☐ the parties hereby move the court to enter the court's standard protective order (see, Civil Case Management website page,

   ☐ with the court's standard Attorneys' Eyes Only provisions.

   ☐ with the court's standard HIPAA language permitting release of Protected Health Information.

  ☐ the parties hereby move the court to enter the proposed protective order attached to this report.

  ☐ the parties will jointly move, or a party will move for entry of a protective order, emailing a copy of the proposed protective order in Word format to the chambers of the magistrate judge assigned to the case.[5]

 ☒ At least one party believes a protective order will not be necessary in this case.

5) Work Product and Privileged Information: The parties have reviewed the **Civil Case Management Practices**, including those provisions discussing discovery of **Privileged Information**, and they have discussed whether certain categories of documents, are presumptively privileged.

---

[5] If a dispute exists over the need for a protective order, or the content of that order, the parties shall confer in good faith and if they cannot resolve the issue without court intervention, they shall schedule a conference call with the magistrate judge assigned to the case before engaging in written motion practice.

☐ The parties agree that the following categories of documents are presumptively privileged and need not be listed on a privilege log:

☒ Documents between legal counsel and clients created on or after **December 29, 2017**

☐ Documents maintained by consulting or testifying experts created on or after **Click here to enter a date.**.

☐ The following documents: _____.

☐ Counsel have discussed the discovery of privileged information, but they have not agreed on what documents are presumptively privileged.

If the parties anticipate a possible dispute over Work Product and Privileged Information discovery, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

6) Electronically Stored Information (ESI): The parties have reviewed the Civil Case Management Practices, including those provisions discussing discovery of ESI and,

☒ the parties do not anticipate a dispute over preservation, scope, and production of ESI.

☐ the parties anticipate a dispute regarding the preservation, scope, and production of ESI.

If the parties anticipate a possible dispute over ESI, when completing **Section VII** below, indicate when a conference with the court may be useful to avert or resolve that dispute.

7) Other special discovery provisions agreed to by the parties include: _____.

D. Dispositive Motions.

☐ The parties do not anticipate filing motions to dismiss, for judgment on the pleadings, or for summary judgment as to any claims and/or defenses.

      ☒    A party anticipates filing a motion to dismiss, and/or for judgment on the pleadings, and/or or for summary judgment

          a.    as to the following claims and/or defenses:[6] _____;

          b.    such motions to be filed on or before July 5, 2022.

E.    Other matters to which the parties stipulate and/or which the court should know or consider: None at this time.

F.    This case will be ready for trial before the court by: (November 1, 2022).

G.    The estimated length of trial is 4 days.

**VII.**    **CONFERENCING WITH THE COURT**:

A.    Initial Case Conference:

      ☐    At least one party requests a conference with the court before the court enters a final case progression order for this lawsuit.

      ☒    All parties agree that the court may enter a final case progression order for this lawsuit without first conferring with the parties.

B.    Interim Status Conference:

      ☐    At least one party believes a court conference with the parties may be helpful (e.g., to assist with averting or resolving a dispute over written discovery, ESI, or privilege/work product discovery; following service of mandatory disclosures; after completing written discovery, etc.), and requests a conference be set in: (month/year).

      ☒    The parties do not currently anticipate that a court conference will assist with case progression, and they will contact the assigned magistrate judge to schedule a conference if a problem arises.

**Reminder:**    **By signing this document, counsel and any self-represented parties acknowledge that they have reviewed the Civil Case Management Practices, including those provisions discussing discovery of Electronically Stored Information and Privileged Information**.

---

[6] As to forfeiture actions, dispositive motions on any "claims and/or defenses" include any motions to suppress.

Dated: **August 18, 2021**

s/Michelle D. Epstein
Plaintiff(s) or Plaintiff(s)' Counsel

s/Stephen L. Ahl
Defendant(s) or Defendant(s)' Counsel

s/Joel E. Feistner
Third-Party Defendant(s) or Third- Party Defendant(s)' Counsel

(Rev. 6/11/2020)