## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE L. PHELPS & DAVID PHELPS, ) | CIVIL ACTION NO.: 8:20-CV-00538 |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| MID-STATES UTILITY TRAILER SALES, ) | SEPARATE ANSWER OF MID-STATES |
| INC. and AROLDO PEREZ GOMEZ, ) | UTILITY TRAILER SALES, INC. TO |
| ) | PLAINTIFFS' SECOND AMENDED |
| Defendants. ) | COMPLAINT |
| _____ ) | |
| ) | |
| MID-STATES UTILITY TRAILER SALES, ) | |
| INC. ) | |
| ) | |
| Third-Party Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| AROLDO PEREZ GOMEZ, ) | |
| ) | |
| Third-Party Defendant. ) | |
| ) | |

COMES NOW the Defendant, Mid-States Utility Trailer Sales, Inc., and for its Answer to Plaintiffs' Second Amended Complaint, admits, denies and alleges as follows:

1. Admits Paragraphs 1, 2, 3, 4 and 5 of Plaintiffs' Second Amended Complaint.

2. This Defendant denies that it committed any negligent acts as alleged in Plaintiffs' Second Amended Complaint, and does not have sufficient information in regard to the allegations made against the Defendant, Aroldo Perez Gomez, and as a result, all allegations contained in Paragraph 6 of Plaintiffs' Second Amended Complaint are denied.

3. Alleges that Paragraphs 7, 8, 9 and 10 of Plaintiffs' Second Amended Complaint are pleadings of legal conclusions and need no response from this Defendant. To the extent a response is necessary, the allegations of each respective paragraph noted herein are denied in their entirety.

4. Admits that portion of Paragraph 11 of Plaintiffs' Second Amended Complaint which alleges that on December 20, 2017, an accident occurred on Interstate 80 near mile marker 437 in Sarpy County, Nebraska. This Defendant denies the characterization of how the Plaintiff alleges the accident occurred, and therefore denies all other allegations contained in Paragraph 11 of Plaintiffs' Second Amended Complaint.

5. Admits that portion of Paragraph 12 of Plaintiffs' Second Amended Complaint that alleges that Ms. Phelps' vehicle ended up in the interstate median in an overturned fashion. The Defendant does not agree with the Plaintiffs' description of how that occurred and the balance of the allegations of Paragraph 12 are denied.

6. Denies Paragraphs 13, 14, and 15 of Plaintiffs' Second Amended Complaint in their entirety.

7. Admits Paragraphs 16 of Plaintiffs' Second Amended Complaint.

8. Denies Paragraphs 17 and 18 of Plaintiffs' Second Amended Complaint.

9. Paragraph 19 of Plaintiffs' Second Amended Complaint is an incorporation provision that needs no response from this Defendant. To the extent a response is required, the allegations are denied.

10. This Defendant does not have sufficient information to either admit or deny the allegations contained in Paragraph 20 of Plaintiffs' Second Amended Complaint, and the allegations are therefore denied.

11. Denies the allegations contained in Paragraph 21 of Plaintiffs' Second Amended Complaint.

12. Denies each and every other allegation contained in Plaintiffs' Second Amended Complaint, except such allegations as are admitted above, or which constitute admissions against the interests of the Plaintiffs.

## **AFFIRMATIVE DEFENSES**

13. Defendant, Mid-States Utility Trailer Sales, Inc., and for its affirmative defenses to Plaintiffs' Second Amended Complaint, incorporates herein by this reference, Paragraphs 1 through 12 of its above Answer to Plaintiffs' Second Amended Complaint as if fully set forth.

14. Alleges that the proximate cause of the collision as alleged in Plaintiffs' Second Amended Complaint, and any resulting injuries and/or damages sustained by the Plaintiffs, or either of them, was the negligence of a third-party over which this Defendant had no control or the right of control.

15. Alleges that the proximate cause of the collision alleged in Plaintiffs' Second Amended Complaint, and any resulting injuries and/or damages sustained by the Plaintiffs, or either of them, was the negligence of Aroldo Perez Gomez, in one or more of the following particulars:

    a.    In failing to keep a proper lookout;

    b.    In failing to have his vehicle under reasonable control;

    c.    In changing traffic lanes when it was unsafe to do so; and

    d.    In entering a traffic lane that was occupied by another vehicle when it was unsafe to do so.

WHEREFORE, the Defendant, Mid-States Utility Trailer Sales, Inc., prays that Plaintiffs' Second Amended Complaint be dismissed; that judgment be entered herein in favor of the Defendant and against the Plaintiffs, and each of them; and that they recover their costs as provided by law.

## **REQUEST FOR JURY TRIAL**

The Defendant hereby requests a trial by jury to take place in Lincoln, Nebraska.

DATED this 8th day of November, 2021.

                    MID-STATES UTILITY TRAILER SALES, INC.,
                    Defendant and Third-Party Plaintiff,

By:   */s/Stephen L. Ahl*
       Stephen L. Ahl, #10036
       Wolfe Snowden Hurd Ahl Sitzmann
         Tannehill & Hahn, LLP
       Wells Fargo Center
       1248 "O" Street, Suite 800
       Lincoln, NE 68508
       PH: (402) 474-1507
       FAX: (402) 474-3170
       EM: sahl@wolfesnowden.com

**CERTIFICATE OF SERVICE**

    I electronically filed the foregoing ***Answer to Plaintiffs' Second Amended Complaint*** on this 8th day of November, 2021, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Michelle D. Epstein
Ausman Law Firm, P.C., L.L.O.
9850 Nicholas Street, Suite 305
Omaha, NE 68114
michelle@ausmanlawfirm.com
***Attorney for Plaintiffs***

Joel E. Feistner
Amy Locher
Locher Pavelka Dostal
 Braddy & Hammes, LLC
200 The Omaha Club
2002 Douglas Street
Omaha, NE 68102
jfeistner@lpdbhlaw.com
amylocher@lpdbhlaw.com
***Attorney for Defendant Aroldo Perez Gomez***

                                        */s/Stephen L. Ahl*
                                        Stephen L. Ahl