IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| KATIE L. PHELPS & DAVID PHELPS, | CASE NO. 8:20-cv-538 |
| Plaintiffs, | |
| vs. | **ANSWER AND CROSS-CLAIM** |
| MID-STATES UTILITY TRAILER SALES, INC. and AROLDO PEREZ GOMEZ | |
| Defendants. | |

**COMES NOW** Defendant Aroldo Perez Gomez ("Aroldo"), and for his Answer to Plaintiffs' Second Amended Complaint states and alleges as follows:

1. Aroldo denies paragraph 1 of Plaintiffs' Second Amended Complaint for lack of knowledge.

2. Aroldo denies paragraph 2 of Plaintiffs' Second Amended Complaint for lack of knowledge.

3. Aroldo admits paragraph 3 of Plaintiffs' Second Amended Complaint upon information and belief.

4. Aroldo admits paragraph 4 of Plaintiffs' Second Amended Complaint upon information and belief.

5. Aroldo admits paragraph 5 of Plaintiffs' Second Amended Complaint.

6. Aroldo admits that the motor vehicle accident which is the subject of Plaintiffs' lawsuit occurred in Nebraska but otherwise denies the remainder of paragraph 6 of Plaintiffs' Second Amended Complaint and specifically denies that he was negligent.

7. Aroldo denies paragraph 7 of Plaintiffs' Second Amended Complaint.

8. Aroldo denies paragraph 8 of Plaintiffs' Second Amended Complaint.

9. Upon information and belief, Aroldo admits paragraph 9 of Plaintiffs' Second Amended Complaint.

10. Upon information and belief, Aroldo admits paragraph 10 of Plaintiffs' Second Amended Complaint.

11. Aroldo admits that on December 20, 2017, a motor vehicle accident occurred on Interstate 80 in Sarpy County, Nebraska involving a vehicle operated by Plaintiff Katie Phelps in the westbound inside/median lane, a Freightliner semi-tractor and trailer owned by Defendant Mid-States Utility Trailer Sales, Inc. and operated by Robert L. Ridler in the middle westbound lane, and a vehicle operated by Aroldo in the outside westbound lane. Aroldo denies the remainder of paragraph 11 of Plaintiffs' Second Amended Complaint.

12. Aroldo denies paragraph 12 of Plaintiffs' Second Amended Complaint for lack of specific knowledge as to what happened to Plaintiff Katie Phelps' vehicle after it struck Aroldo's vehicle.

13. In response to paragraph 13 of Plaintiffs' Second Amended Complaint, Aroldo admits and affirmatively alleges that Robert Ridler was negligent in the operation of Defendant Mid-States Utility Trailer Sales, Inc.'s Freightliner semi-tractor and trailer in the following particulars:

 a. In failing to keep and maintain his tractor-trailer under control;

 b. In attempting to make an improper lane change;

 c. In failing to maintain a proper lookout; and

 d. Additional violations of the Federal Motor Carrier Safety Administration regulations that are presently unknown.

14. In response to paragraph 14 of Plaintiffs' Second Amended Complaint, Aroldo admits and affirmatively alleges that Robert Ridler was negligent per se.

15. In response to paragraph 15 of Plaintiffs' Second Amended Complaint, Aroldo admits and affirmatively alleges that Defendant Mid-States Utility Trailer Sales, Inc. is vicariously liable for the acts and omissions of Robert Ridler occurring on December 20, 2017.

16. Aroldo denies paragraph 16 of Plaintiffs' Second Amended Complaint, including subparagraphs "a" through "c".

17. Aroldo denies paragraph 17 of Plaintiffs' Second Amended Complaint, including subparagraphs "a" through "h".

18. Aroldo denies paragraph 18 of Plaintiffs' Second Amended Complaint, including subparagraphs "a" through "e".

19. In response to paragraph 19 of Plaintiffs' Second Amended Complaint, Aroldo incorporates his responses to paragraphs 1 through 18 of Plaintiffs' Second Amended Complaint as if fully restated herein.

20. Aroldo denies paragraph 20 of Plaintiffs' Second Amended Complaint for lack of knowledge.

21. Aroldo denies paragraph 21 of Plaintiffs' Second Amended Complaint.

22. Aroldo generally denies each and every allegation contained in Plaintiffs' Second Amended Complaint not specifically admitted herein, except those allegations constituting admissions against Plaintiffs.

## AFFIRMATIVE DEFENSES

23. The negligence of Robert L. Ridler, while acting within the scope and course of his employment with Defendant Mid-States Utility Trailer Sales, Inc., was the sole and proximate cause of the December 20, 2017 motor vehicle accident.

**WHEREFORE**, having fully answered Plaintiffs' Second Amended Complaint, Defendant Aroldo Perez Gomez prays for its dismissal, with prejudice, for the recovery of costs expended herein, and such other and relief as the Court deems just and equitable.

## CROSS-CLAIM

**COMES NOW** Cross-Claim Plaintiff Aroldo Perez Gomez ("Aroldo") and for his Cross-Claim against Mid-States Utility Trailer Sales, Inc. ("Mid-States") states and alleges as follows:

1. Aroldo is a resident of Council Bluffs, Pottawattamie County, Iowa

2. Upon information and belief, Mid-States is an interstate trucking carrier incorporated in the state of Iowa with its principal place of business in Woodbury County, Iowa.

3. Upon information and belief, at all times relevant to the captioned lawsuit, Robert Ridler was acting in the course and scope of his employment with Mid-States and was operating a Freightliner semi-tractor and trailer owned by Mid-States.

4. On December 20, 2017, a motor vehicle accident occurred on Interstate 80 in Sarpy County, Nebraska involving a vehicle operated by Plaintiff Katie Phelps in the westbound inside/median lane, a Freightliner semi-tractor and trailer owned by Mid-States and operated by Robert L. Ridler in the middle westbound lane, and a vehicle operated by Aroldo in the outside westbound lane.

5. Plaintiffs Katie Phelps and David Phelps have filed a lawsuit against Aroldo alleging injuries and damages as a result of the December 20, 2017 motor vehicle accident. Aroldo has denied, and hereby denies, any liability for the damages claimed by Plaintiffs in their lawsuit.

6. The December 20, 2017 motor vehicle accident was solely and proximately caused by the negligence of Robert Ridler in the following particulars:

   a. In failing to keep and maintain his tractor-trailer under control;
   b. In attempting to make an improper lane change;
   c. In failing to maintain a proper lookout; and
   d. Additional violations of the Federal Motor Carrier Safety Administration regulations that are presently unknown.

7. Mid-States is vicariously liable for the acts and omissions of Robert Ridler occurring on December 20, 2017

8. Aroldo is entitled to common law indemnity from Mid-States in the amount of any judgment entered against Aroldo for the injuries and damages alleged by Plaintiffs.

9. In the alternative, if Aroldo is found liable for any damages claimed by Plaintiffs, such liability being specifically denied, then Aroldo is entitled to contribution from Mid-States in the amount of any judgment according to Robert Ridler's pro rata share of fault which is imputed to Mid-States under a theory of respondeat superior.

10. Robert Ridler's negligence should be submitted to the jury for allocation pursuant to Neb. Rev. Stat. §§25-21,185.07 – 25-21,185.12.

**WHEREFORE** Cross-Claim Plaintiff Aroldo Perez Gomez prays for judgment against Cross-Claim Defendant Mid-States Utility Trailer Sales, Inc. for common law indemnity, or in the alternative for contribution and allocation of fault, and for such other and further relief as the Court deems just and equitable.

## JURY DEMAND

Aroldo respectfully demands trial by jury.

DATED this 9th day of November, 2021.

                              AROLDO PEREZ GOMEZ, Defendant and Cross-Claim Plaintiff,

By:     /s/ Joel E. Feistner
For:   LOCHER PAVELKA DOSTAL BRADDY
         & HAMMES, LLC
      200 The Omaha Club
      2002 Douglas Street
      Omaha, NE 68102
      Phone: (402) 898-7000
      Fax: (402) 898-7130
      Joel E. Feistner, #21474
      Amy Locher, #24786
      **jfeistner@lpdbhlaw.com**
      **amylocher@lpdbhlaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

sahl@wolfesnowden.com
Stephen L. Ahl
Wolfe Snowden Hurd Ahl
  Sitzmann Tannehill & Hahn, LLP
Wells Fargo Center
1248 "O" Street, Ste. 800
Lincoln, NE 68508
*Attorney for Defendant and Third-Party Plaintiff*

michelle@ausmanlawfirm.com
Michelle D. Epstein
Ausman Law Firm, P.C., L.L.O.
9850 Nicholas Street, Ste. 305
Omaha, NE 68114
*Attorney for Plaintiffs*

                                            /s/ Joel E. Feistner